United States District Court
Southern District of Texas
FILED

OCT 28 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIX INDUSTRIES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. **B 03-188** |
| | § | |
| HILTVEIT ASSOCIATES, INC., | § | |
| *in personam,* and M/T RACHEL B, | § | |
| her engines, tackle, apparel, etc., *in rem,* | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DIX INDUSTRIES, INC., hereinafter referred to as Plaintiff, and files this its Original Complaint against the HILTVEIT ASSOCIATES, INC., *in personam,* and M/T RACHEL B, her engines, equipment, cargo, tackle, apparel, etc., *in rem,* and by way of original complaint, would respectfully allege as follows:

### I.

### JURISDICTION

1.01. This is a case involving the admiralty and maritime jurisdiction of this Court as more fully appears hereafter, and Plaintiff's claim is in admiralty and maritime within the meaning of Rule 9(h) and Supplemental Rules B and C of the Federal Rules Of Civil Procedure. This Court has subject matter jurisdiction under 46 U.S.C. § 31342 and 29 U.S.C. § 1333. The defendant vessel is or will be during the pendency of this process within this district and within the jurisdiction of this Court.

1.02. Alternatively, pendent jurisdiction exists by virtue of the diversity of the parties and that fact that the amount in controversy exceeds the jurisdictional requirements of the Court pursuant to 28 U.S.C.A. § 1332.

## II.

## PARTIES

2.01. Plaintiff, DIX INDUSTRIES, INC., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Cameron County, Texas.

2.02. Upon information and belief, Defendant Owner, HILTVEIT ASSOCIATES, INC., is the owner of the vessels known as the M/T Rachel B and Martha A, and may be served with process by serving the master of M/T Rachel B which is expected to and will be moored at Oil Dock No. 5, Port of Brownsville, Texas.

2.03. The Defendant Vessel, M/T RACHEL B is a foreign Flag Vessel and that is expected to be moored at Oil Dock No. 5, Port of Brownsville, Texas within the Southern District of Texas and within the jurisdiction of this Honorable Court, where service of process may be had.

## III.

## FACTS

3.01. Between July 18th and 19th, 2002, inclusive, at the Port of Brownsville, at the special instance and request of the agents/master of the M/T RACHEL B, Plaintiff performed and rendered certain necessary labor and services to the said vessel, to-wit, stowage and discharge of cargo, stevedoring and necessary incidental service, and paid or incurred certain expenses on her behalf in connection therewith. The items of such labor, services and expenses, amounting in all to the sum of NINE THOUSAND SIX HUNDRED SEVENTY-TWO and 10/100 DOLLARS ($9,672.10), and

the dates when rendered or incurred, are set forth in EXHIBIT A annexed to this complaint and made a part thereof. For said work, labor and services, the agents/master of the said vessel promised and agreed with Plaintiff to pay to Plaintiff the usual and customary rates obtaining in the Port of Brownsville for similar work, and promised and agreed that said work, labor and services should all be rendered and performed in accordance with the usual and customary terms obtaining at the Port of Brownsville.

3.02. Between June 13th through 15th, 2003, inclusive, at the Port of Brownsville, at the special instance and request of the agents/master of the M/T MARTHA A, Plaintiff performed and rendered certain necessary labor and services to the said vessel, to-wit, stowage and discharge of cargo, stevedoring and necessary incidental service, and paid or incurred certain expenses on her behalf in connection therewith. The items of such labor, services and expenses, amounting in all to the sum of ELEVEN THOUSAND ONE HUNDRED THIRTY and 03/100 DOLLARS ($11,130.03), and the dates when rendered or incurred, are set forth in EXHIBIT B annexed to this complaint and made a part thereof. For said work, labor and services, the agents/master of the said vessel promised and agreed with Plaintiff to pay to Plaintiff the usual and customary rates obtaining in the Port of Brownsville for similar work, and promised and agreed that said work, labor and services should all be rendered and performed in accordance with the usual and customary terms obtaining at the Port of Brownsville.

3.03. The said charges made by Plaintiff for the said work, labor and services and the said expenses are reasonable in amount and in accordance with the prevailing rates at the Port of Brownsville. Such services and expenses were necessary for the said vessels.

3.04. By reason of the premises there is justly due and owing to Plaintiff from the M/T RACHEL B and M/T MARTHA A, and their owner, Defendant Owner HILTVEIT ASSOCIATES, INC., the sum of TWENTY THOUSAND EIGHT HUNDRED TWO and 13/100 DOLLARS ($20,802.13), with interest, and under the general maritime law and the Acts of Congress Plaintiff has a lien against the M/T RACHEL B and M/T MARTHA A for the said sum of TWENTY THOUSAND EIGHT HUNDRED TWO and 13/100 DOLLARS ($20,802.13), with interest.

3.05. Payment of the said sum of TWENTY THOUSAND EIGHT HUNDRED TWO and 13/100 DOLLARS ($20,802.13) has been duly demanded by Plaintiff of M/T RACHEL B and M/T MARTHA A, and their owner, Defendant Owner HILTVEIT ASSOCIATES, INC., but has been refused and no part thereof has been paid. The said sum remains wholly due, unpaid and owing from the M/T RACHEL B and M/T MARTHA A and her owners, Defendant Owner HILTVEIT ASSOCIATES, INC., to Plaintiff.

## IV.

## MARITIME LIEN

4.01. By virtue of the foregone described stevedoring services rendered by Plaintiff, Plaintiff has and claims a maritime lien against each of the afore-named vessels in the respective amounts set forth above, which claims total in the aggregate of TWENTY THOUSAND EIGHT HUNDRED TWO and 13/100 DOLLARS ($20,802.13), exclusive of interest.

4.02. Defendant HILTVEIT ASSOCIATES, INC. cannot be found within the jurisdiction of this Court and, as such, Plaintiff would request that a writ of attachment issue commanding the attachment of any properties belonging to such Defendant, pursuant to the provisions of

Supplemental Rule B of the Federal Rules of Civil Procedure. Specifically, the M/T RACHEL B is expected to and will be within the jurisdiction of the Court during the pendency of this case.

## V.

## BREACH OF CONTRACT

5.01. Plaintiff sues Defendants for breach of contact in that Plaintiff performed stevedoring services as described above, Defendant agreed and promised to pay for said services, Defendant has failed to pay for said services, and as a direct result of Defendant's failure to pay, Plaintiff has suffered damages.

## VI.

## SUIT ON ACCOUNT

6.01. Additionally and alternatively, Plaintiff and Defendants entered into an agreement whereby Plaintiff would supply to Defendants the stevedoring services, labor and work described in EXHIBIT A and B on account. Said account was payable by Defendants to Plaintiff upon presentment of an invoice. Plaintiff has presented Defendants with the invoice attached as EXHIBIT A, and Defendants have failed to pay Plaintiff for said stevedoring services, labor and work.

## VII.

## QUANTUM MERUIT

7.01. Additionally and alternatively, Plaintiff has supplied and provided Defendants certain services, namely stevedoring services.

7.02. Plaintiff expected and anticipated to be paid for said services.

7.03. Defendants received the services and benefitted from said services.

7.04. Defendants would be unjustly enriched if it does not pay Plaintiff for the services.

## VIII.

## UNJUST ENRICHMENT

8.01. Additionally and alternatively, Plaintiff sues for unjust enrichment.

## IX.

## ARREST OF DEFENDANT VESSEL

9.01. As a stevedore, Plaintiff maintains a Maritime Lien for all charges and expenses claimed by Plaintiff, and seeks to foreclose on said lien.

9.02. Defendant Vessel M/T RACHEL B is in route to the Port of Brownsville, and is expected to moor and remain there only until Defendant Vessel's cargo has been completely discharged.

9.03. Accordingly, Plaintiff would respectfully request that a substitute custodian be appointed and Defendant Vessel M/T RACHEL B be arrested and placed in custodial care, so that Defendant Vessel will not be able to leave the jurisdiction of the Court.

## X.

## DAMAGES

10.01. As a result of the foregoing incident, Plaintiff has been damaged in an amount in excess of TWENTY THOUSAND EIGHT HUNDRED TWO and 13/100 DOLLARS ($20,802.13).

10.02. Plaintiff also seeks pre- and post-judgment interest, expenses and costs of litigation.

10.03. For all said damages, Plaintiff claims a Maritime Lien upon said Defendant Vessel.

## XI.

## ATTORNEYS' FEES

11.01. Plaintiff would further show the Court that by reason of the foregoing and in order to protect its interests, Plaintiff has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's fees, plus costs of suit in connection with the collection of the damages set forth herein.

## XII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

1. that process in due form of law issue against HILTVEIT ASSOCIATES, INC., *in personam,* and M/T RACHEL B, her engines, equipment, tackle, apparel, etc., *in rem*;

2. that process in due form of law be issued against Defendant Owner HILTVEIT ASSOCIATES, INC., and that a writ of attachment be issued against personal property owned by Defendant HILTVEIT ASSOCIATES, INC., including any vessels owned by said Defendant which are or may come within the jurisdiction of this Court;

3. that the Defendant Vessel, M/T RACHEL B, her cargo, engines, equipment, tackle and apparel, etc., be arrested and condemned under the lien hereinbefore described;

4. that the maritime lien in favor of Plaintiff be foreclosed and Defendant Vessel, M/T RACHEL B, her cargo, engines, equipment, tackle and apparel sold to pay the demands and claims of the Plaintiff herein;

5. that the Court enter an order herein directing that said Defendant Vessel, M/T RACHEL B, her cargo, engines, apparel, tackle, etc. be sold in the manner provided by law to answer the judgment for the amount alleged due to the Plaintiff herein;

6. that all persons claiming an interest in the vessel be cited to appear and answer on oath, all and singular, the matters aforesaid;

7. that it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel are forever barred, foreclosed of and from all right of equity or redemption or claim of, in or to the vessel and any part thereof;

8. that the Court render a judgment awarding Plaintiff its damages against Defendant Owner, HILTVEIT ASSOCIATES, INC., *in personam,* and Defendant Vessel, M/T RACHEL B, her cargo, engines, tackle, apparel, etc., *in rem*, together with prejudgment interest at the maximum rate allowed by law, expenses incidental to the necessary filing of this suit, including bonds, deposits, marshal's fees, and insurance, reasonable attorney's fees and costs of court; and

9. that Plaintiff have such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR PLAINTIFF
DIX INDUSTRIES, INC.

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared ROBERT LEE OSTOS, who being by me duly sworn on oath stated and said the following:

"My name is ROBERT LEE OSTOS. I am Vice President of DIX INDUSTRIES, INC., a Texas corporation and the Plaintiff in the above entitled cause. I have read the foregoing Complaint and am familiar with the contents thereof. The facts stated in said Plaintiff's Original Complaint and contents thereof are true and correct to the best of my personal knowledge and belief."

_____
ROBERT LEE OSTOS, Vice President of
DIX INDUSTRIES, INC.

SWORN TO AND SUBSCRIBED TO before me by the said ROBERT LEE OSTOS, to certify which witness my hand and seal of office, on this _28_ day of October, 2003.

_____
Notary Public, State of Texas

My Commission Expires:

# DIX SHIPPING COMPANY, INC.
## Steamship Agents / Contract Stevedores

**INVOICE**

PLEASE REMIT TO THE ADDRESS BELOW:

TELEPHONE (956) 831-4228
5500 R.L. OSTOS RD.
BROWNSVILLE, TEXAS 78521

SOLD TO:
0460
BERTEL SHIPPING COMPANY
10555 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127

JOB NO: 2608
VESSEL: RACHEL B
ARRIVAL: 07/18/02
SAIL: 07/19/02

| INVOICE NUMBER | DATE | ORDER NUMBER | DATE | CUSTOMER NUMBER | CUSTOMER P.O. NUMBER | TERMS | SALESPERSON |
|---|---|---|---|---|---|---|---|
| C797 | 08/20/02 | | | 0460 | | NET 30 DAYS | |

| SERVICE | DESCRIPTION | U/M | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| PORT DISBURSEMENTS | | | | | |
| BRAZOS PILOTS | PILOTS | | | | 1917.02 |
| BROWNSVILLE MOORING | LINEHANDLING | | | | 465.00 |
| BV NAVIGATION DISTRICT | DOCKAGE/HARBOR | | | | 1008.66 |
| SIGNET TUGS BRWNS | TUG ASSIST | | | | 1532.52 |
| WEST GULF MARITIME | MARITIME FEES | | | | 30.00 |
| AGENCY FEE | | | | | 1300.00 |
| AGENT OVERTIME | 5 HR @ $20 | | | | 100.00 |
| AUTO HIRE | | | | | 150.00 |
| POSTAGE & PETTIES | | | | | 125.00 |
| U. S. CUSTOMS BOND | | | | | 125.00 |
| COMMUNICATIONS | LD CALLS | | | | 25.90 |
| COMMUNICATIONS | TELEFAX | | | | 162.00 |
| SUB-TOTAL PORT DISBURSEMENTS $6,941.10 | | | | | |
| LESS ADVANCE FUNDS | | | | | -12975.00 |
| | | | | TOTAL INVOICE | -6033.90 |

PLAINTIFF'S EXHIBIT A

# DIX SHIPPING COMPANY, INC.
## Steamship Agents / Contract Stevedores

TELEPHONE (956) 831-4228
5500 R.L. OSTOS RD.
BROWNSVILLE, TEXAS 78521

**INVOICE** — PLEASE REMIT TO THE ADDRESS BELOW

SOLD TO:
1844
HILTVEIT ASSOCIATES INC
GERD MANGELS
HAUPPAUGE CORPORATE CENTER
150 MOTOR PARKWAY
HAUPPAGE NY  11788

JOB NO:  2734
VESSEL:  MARTHA A
ARRIVAL: 06/13/03
SAIL:    06/15/03

| INVOICE NUMBER | DATE | ORDER NUMBER | DATE | CUSTOMER NUMBER | CUSTOMER PO NUMBER | TERMS | SALESPERSON |
|---|---|---|---|---|---|---|---|
| 6967 | 07/28/03 | | | 1844 | | NET CASH | |

| SERVICE | DESCRIPTION | U/M | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| PORT DISBURSEMENTS | | | | | |
| BRAZOS PILOTS ASSO | PILOTS | | | | 1659.26 |
| BROWNSVILLE MOORING | LINEHANDLING | | | | 465.00 |
| BV NAVIGATION DISTRICT | DOCKAGE/HARBOR | | | | 1531.90 |
| SIGNET TUGS BRWNS | TUG ASSIST | | | | 4609.80 |
| U. S. CUSTOMS BV | USER/APHI | | | | 674.72 |
| WEST GULF MARITIME | MARITIME FEES | | | | 30.00 |
| AGENCY FEE | | | | | 1300.00 |
| AGENT OVERTIME | 13 HR @ $20 | | | | 260.00 |
| AUTO HIRE | | | | | 150.00 |
| POSTAGE & PETTIES | | | | | 125.00 |
| U. S. CUSTOMS BOND | | | | | 125.00 |
| COMMUNICATIONS | LD CALLS | | | | 31.35 |
| COMMUNICATIONS | TELEX | | | | 168.00 |
| | | | TOTAL INVOICE | | 11130.03 |

PLAINTIFF'S EXHIBIT B

06-09-03 - 1126

# DIX SHIPPING COMPANY, INC

DIVISION DIX INDUSTRIES, INC.
STEAMSHIP AGENTS/CONTRACT STEVEDORES
5500 R.L. Ostos Road*BROWNSVILLE, TEXAS 78521
(956) 831-4228 * FAX (956) 831-2559
E-Mail: Cavila@dixshipping.com

## FAX TRANSMISSION

June 9, 2003  ( 4 pages)

TO:   Bertel Shipping Company
      Attn:  Bob Bertel

FROM: Cecil

RE:   M/T "RACHEL B"/JOB NO. 2608

Please find copy of Dix Shipping Co. Invoice No. 6797/Job #2608 totaling $6,941.10 and fax sent to your office on April 28th., 2003.  In addition please find copy of check no. 008819 made for the amount of $6,033.90 sent to your office on Sept. 18th., 2002 . We are closing currently closing our fiscal year & we would like to close our file on this vessel. As per our records your company owes us the following amount:

| | | |
|---|---|---|
| Invoice no. 6797 | 08/20/02 | $6,941.10 |
| Check no. 008819 | 09/18/02 | $6,033.90 |
| Total | | $12,975.00 |
| Less refund on job no. 322 | | $ 3,302.90 |
| Total due Dix Shipping Co. | | $ 9,672.10 |

Kindly remit funds to the following account:
Dix Shipping Co., Inc. account no. 06700014192
Chase bank of Texas – Rio Grande Valley
Routing number 113000609


Many thanks
Cecil
Dix Shipping Co., Inc.



cc: Dix-Corpus Christi/Attn: Linda -1129